**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4363

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER JAMES LEACH,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:17-cr-00138-WO-1)

Submitted:  February 17, 2022            Decided:  March 15, 2022

Before KING and DIAZ, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Louis C. Allen, Federal Public Defender, Ira Knight, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Matthew G. T. Martin, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher James Leach pled guilty, pursuant to a written plea agreement, to possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court imposed a sentence of 92 months' imprisonment, which was below the applicable Sentencing Guidelines range. On appeal, Leach argues that his § 922(g) conviction is invalid under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). We affirm.

Leach contends that his § 922(g) conviction is invalid because he was unaware of the mens rea element of the offense as established in *Rehaif*—that he knew he was a felon at the time he possessed the gun—and therefore his guilty plea is infirm. Because Leach did not raise this argument before the district court, our review is for plain error. *Greer v. United States*, 141 S. Ct. 2090, 2096-97 (2021). The Supreme Court recently clarified that "a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Id.* at 2100. "When a defendant advances such an argument or representation on appeal, the court must determine whether the defendant has carried the burden of showing a 'reasonable probability' that the outcome of the district court proceeding would have been different." *Id.* The existence of prior felony convictions is "substantial evidence" that a defendant knew he was a felon because "[c]onvicted felons typically know they're convicted felons." *Id.* at 2097-98 (internal quotation marks omitted).

While a lack of knowledge about felon status can be a defense to a § 922(g) charge, Leach never claimed he lacked such knowledge. Further, our review of the record reveals

no reasonable probability that the outcome of the district court proceeding would have been different had the district court informed Leach of the mens rea element during the plea colloquy. Accordingly, we conclude that Leach is not entitled to relief.

We therefore affirm the district court's judgment. We also deny the Government's motion to supplement the appendix, as the supplement is not necessary to decide this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*